FILED
DEC 14 2017

UNITED STATES DISTRICT COURT
District of South Dakota
Southern Division

| | |
|---|---|
| BARBARA M. UHL AND MAURICE UHL,<br><br>Plaintiffs,<br><br>v.<br><br>SIOUXLAND SURGERY CENTER LIMITED LIABILITY PARTNERSHIP D/B/A DUNES SURGICAL HOSPITAL; and BRIAN D. JOHNSON, M.D., M.P.H., Individually,<br><br>Defendants. | CASE NO. 17-cv-4169<br><br>**COMPLAINT AND JURY DEMAND** |

COME NOW the Plaintiffs, Barbara M. Uhl and Maurice Uhl, and for their claims against the Defendants, state:

1.  Plaintiff Barbara M. Uhl (hereinafter "Barbara") is, and was at all times material hereto, a resident of Sioux City, Woodbury County, Iowa.

2.  Plaintiff Maurice Uhl (hereinafter "Maurice") is, and was at all times material hereto, a resident of Sioux City, Woodbury County, Iowa.

3.  That at all times material hereto Barbara and Maurice were wife and husband.

4.  Defendant Siouxland Surgery Center Limited Liability Partnership d/b/a Dunes Surgical Hospital (hereinafter "Dunes Surgical Hospital") is, and was at all material times, licensed to do business in South Dakota.

5.  Defendant Brian R. Johnson, M.D., M.P.H. (hereinafter "Johnson") is and was at all material times, a citizen of the state of South Dakota.

1

6. Defendants at all material times regularly performed surgical procedures and provided medical care in the state of South Dakota and Defendants committed a tort in whole or in part in the state of South Dakota and has sufficient minimum contacts with the state of South Dakota for this Court to exercise jurisdiction over Defendants.

7. The amount in controversy herein, exclusive of interest and costs, exceeds $75,000.

8. This Court has jurisdiction of this claim pursuant to the diversity jurisdiction authorized by 28 U.S.C. §1332. Venue is proper in this district as substantial acts forming the basis of the Plaintiffs' claims occurred in this district.

## COUNT I
## MEDICAL NEGLIGENCE

9. Plaintiffs reallege paragraphs one (1) through eight (8) as if set forth fully herein.

10. On December 17, 2015, Defendant Johnson performed a right reverse total shoulder reconstruction surgery on Barbara. Shortly thereafter, it was discovered that Defendant Johnson used the wrong sized glenosphere coupling during Barbara's December 17, 2015 surgery.

11. On February 25, 2016, Defendant Johnson performed a right revision reverse total shoulder arthroplasty with revision of the glenoid/glenosphere and polyethylene exchange.

12. Due to the negligence of Defendant Johnson, Barbara endured four additional surgeries after the December 17, 2015 surgery. She also suffered from other complications as well.

13. Defendants' conduct in performing the December 17, 2015 surgery fell below the accepted standard of care for physicians performing such medical procedures and said

Defendants' negligence and breach of applicable standard of care was the proximate cause of injury and damage to Barbara.

WHEREFORE Plaintiff Barbara M. Uhl prays that she have and recover judgment against Defendants for all damages incurred, including, but not limited to, the following:

(a) For a sum equal to past and future medical expenses incurred by Plaintiff as a result of Defendants' negligence;

(b) For a sum to be determined by the fact finder to compensate Plaintiff for past and future physical and mental pain and suffering, past and future loss of bodily function and loss of enjoyment of life which have resulted from Defendants' negligence;

(c) For a sum to be determined by the fact finder to compensate Plaintiff for lost wages which have resulted from Defendants' negligence;

(d) If warranted under South Dakota law, for punitive damages against Defendants;

(e) For costs of this action, pre-judgment and post-judgment interest assessed by the Court as provided by law; and

(f) For such additional relief deemed by the Court to be necessary and appropriate.

## COUNT II
## LOSS OF CONSORTIUM

14. Plaintiffs replead paragraphs one (1) through thirteen (13) as if set forth fully herein.

15. That at all times material hereto, Barbara and Maurice were wife and husband.

16. That Maurice is entitled to damages for loss of consortium incurred as a result of Barbara's injuries.

17. Maurice's loss of consortium damages were proximately caused by the aforementioned negligence of Defendants.

WHEREFORE Plaintiffs pray that Maurice Uhl have and recover judgment against Defendants as follows:

(a) For a sum to be determined by the fact finder to compensate Maurice Uhl for the loss of consortium suffered as a result of Barbara's injuries.

(b) For costs of this action, pre-judgment and post-judgment interest assessed by the Court as provided by law; and

(c) For such additional relief deemed by the Court to be necessary and appropriate.

WHEREFORE, Plaintiffs pray for judgment against Defendants in an amount that will fairly and reasonably compensate Plaintiffs for their injuries and damages, and for punitive damages in an amount sufficient to punish the Defendants and deter like conduct, plus interest as allowed by law and the costs of this action and for such other relief as may be equitable under the circumstances.

## JURY DEMAND

COME NOW, Plaintiffs Barbara M. Uhl and Maurice Uhl, and pursuant to Rule 38(b) of the Federal Rules of Civil Procedure demands a trial by jury of all issues as alleged in this Complaint.

Respectfully submitted this 14th day of December, 2017.

MUNGER, REINSCHMIDT & DENNE, L.L.P.

By: _____
Jay E. Denne
600 Fourth Street, Suite 303
P. O. Box 912
Sioux City, IA 51102
(712) 233-3635
(712) 233-3649 (fax)
Attorney E-mail: jaydenne@mrdlaw.net

Uhl, Barbara/pleadings/complaint